UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC. | * | CASE NO. |
| | * | |
| VERSUS | * | |
| | * | JUDGE: |
| LA CONQUISTADORA RESTAURANT, LLC | * | |
| D/B/A AND A/K/A TAQUERIA SANCHEZ | * | |
| LA CONQUISTADORA AND CARMELA | * | |
| DIAZ | * | |
| | * | MAGISTRATE JUDGE: |
| | * | |

**COMPLAINT**

**To the Honorable Judges and Magistrate Judges of the United States District Court for the Eastern District of Louisiana:**

NOW INTO COURT, through undersigned counsel, comes J&J Sports Productions, Inc. (J&J), a corporation organized under the laws of the State of California with its principal place of business located at 2380 South Bascom Avenue, Suite 200, Campbell, California 95008 and files its complaint for the following reasons:

**Venue**

1.

Venue is proper in the Eastern District of Louisiana because all of the defendants' actions and omissions occurred at the commercial establishment of La Conquistadora Restaurant, LLC d/b/a and a/k/a Taqueria Sanchez La Conquistadora located at 971/973 Highway 182 East, Houma, Terrebonne Parish, Louisiana 70364. Terrebonne Parish is within the venue of the Eastern District of Louisiana.

**Jurisdiction**

2.

J&J asserts that jurisdiction of the Court is based upon:

(A)     28 U.S.C. section 1331 because the action presents a question or questions of

federal law arising under the Constitution of the United States and other laws of

the United States as follows:

    (i)     The Communications Act of 1934, as amended, Title 47 U.S.C.

        605, et seq. ;

    (ii)     The Cable & Television Consumer Protection and Competition Act

        of 1992, as amended, Title 47 U.S.C. section 553,  et seq. ; and,

    (iii)     Title 18 sections 2511 (1) (a), (5) and 2520 (a).

    (B)     Complete diversity of citizenship and the amount in controversy

        exceeds the sum of $75,000.00 exclusive of interests and costs as

        provided in 28 USCA section 1332.

    (C)     Also, the Court has supplemental jurisdiction over the plaintiff's claims

        under Louisiana's laws by virtue of 28 U.S.C. section 1367 (a) because

        those claims are so related to the federal law claims that they form part of

        the same case or controversy under Article III of the United States

        Constitution.

As discussed in detail below, all of the defendants committed certain acts and omissions

that violated J&J's rights as the exclusive commercial domestic distributor of the televised fight

Program described below.  Those acts and omissions consisted of interception, reception, publication, divulgence, display, exhibition, and tortious conversion of J&J's property within the control of J&J in the State of Louisiana.

3.

**Defendants**

The following persons are the defendants in this complaint:

(a)     La Conquistadora Restaurant, LLC d/b/a and a/k/a Taqueria

Sanchez La Conquistadora (La Conquistadora), a Louisiana limited

liability company  having its registered office at 2637 Augusta

Street, Suite C, Kenner, Louisiana 70062  but, for purposes of this

complaint, was and is doing business at 971/973 Highway 182

East, Houma, Terrebonne Parish, Louisiana 70364; and,

(b)     **Carmela Diaz (Diaz)**, a major resident of and domiciled during all

times pertinent to the facts of this complaint at 2637 Augusta

Street, Suite C, Kenner, Jefferson Parish, Louisiana.

4.

Although defendant, Diaz, is a major resident of and domiciled in Jefferson Parish, Louisiana, for purposes of venue, Jefferson Parish is also located within the territory of the Eastern District of Louisiana.

5.

J&J is informed, believes and alleges that for all times pertinent to the facts of this complaint La Conquistadora owned, operated, licensed, permitted, had dominion over,

controlled, oversaw and managed the commercial establishment doing business as Taqueria Sanchez La Conquistadora located at 971/973 Highway 182 East, Houma, Terrebonne Parish, Louisiana 70364.

6.

Upon information and belief, La Conquistadora possessed and possesses  a license to sell alcoholic beverages within Terrebonne Parish, Louisiana as shown by the official records of the Louisiana Department of Revenue, Office of Alcohol and Tobacco Control.

7.

Upon information and belief, La Conquistadora's license described above was in full force and effect at all times pertinent to the facts alleged in this complaint.

8.

At all times pertinent to the facts alleged in this complaint, Diaz was/is the member  of La Conquistadora as shown in the official records of the Secretary of State for the State of Louisiana.

9.

J&J reserves the right to supplement and amend its complaint if facts are discovered that show otherwise.

10.

 Because La Conquistadora is a limited liability company, its physical acts described in this complaint were accomplished through the actions of Diaz.

11.

Upon information and belief, J&J alleges the following acts accomplished by Diaz

occurred on a daily basis or as needed concerning La Conquistadora's commercial establishment

located at 971/973 Highway 182 East, Houma, Terrebonne Parish, Louisiana 70364 :

    (a)     reconciling all bank accounts for La Conquistadora;

    (b)     reviewing inventory of alcoholic beverages on a daily basis;

    (c)     reviewing the condition and fitness of all equipment on the

           premises;

    (d)     collecting all money earned;

    (e)     paying all accounts payables;

    (f)     collecting all accounts receivables;

    (g)     cleaning and maintaining the furniture and fixtures;

    (h)     attending to any issues concerning television sets;

    (i)     reviewing all upcoming televised sporting events including, boxing, prize

           fights, martial arts and other similar television programming;

    (j)     meeting with others to ensure that all of the items listed in (a) through and

           including (i) were accomplished on behalf of La Conquistadora.

12.

Upon information and belief, J&J alleges that Diaz carried out the instructions of La

Conquistadora, and took steps to unlawfully receive J&J's televisions signal, which transmitted

the Program described in paragraph 21 below.  Those steps taken by Diaz as instructed by La

Conquistadora, probably consisted of one of the following to direct the television signal by cable

transmission or satellite transmission to La Conquistadora's commercial establishment located at

:

971/973 Highway 182 East, Houma, Terrebonne Parish, Louisiana 70364:

    (a)    setting up a "residential" account with either a cable television service provider or a satellite television provider and paying a nominal "residential" rate directly to the cable and/or satellite television provider for reception of the plaintiff's <u>Program</u>;

    (b)    use of a "blackbox", "hotbox", or "pancake box" which was purchased for a fee and when installed on a cable television line will allow for the descrambled reception of a pay-per-view broadcast;

    (c)    the use of a "smartcard" or "test card" or "programming card" which was purchased for a fee and when installed on a DSS satellite receiver will allow for the descrambled reception of a pay-per-view broadcast;

    (d)    the use of an illegal cable drop or splice from an apartment or home adjacent to the commercial establishment premises (which would purchase the broadcast at a residential price and divert the <u>Program</u> to the commercial establishment; or

    (e)    the purchase of other illegal unencryption devices, and the purchase of illegal satellite authorization codes which are readily available on the internet, in trade publications, and through "word of mouth".

14

J&J is the premier distributor of closed-circuit pay-per view boxing and special events in the United States.  Pay-per view means that in order for a customer to view the closed-circuit event, it/he/she must pay a fee set by J&J.

15.

J&J is informed, believes and alleges that on March 8, 2014 (the night of the Program, which is described below in paragraph  21), Diaz was empowered on behalf of La Conquistadora and had the right and ability to supervise the business and activities of La Conquistadora which included the unlawful reception and/or interception of J&J's Program.

16.

J&J is informed, believes and alleges that on March 8, 2014 (the night of the Program, which is described below in paragraph 21), Diaz as an individual, separate and distinct from La Conquistadora supervised the activity of unlawfully intercepting J&J's Program, and, among other responsibilities, had the obligation to ensure that the sale of alcoholic beverages upon La Conquistadora's premises was not in violation of law.

17.

J&J is informed, believes and alleges that on March 8, 2014 (the night of the Program, which is described below in paragraph 21), Diaz specifically and wilfully took actions on behalf of La Conquistadora to unlawfully intercept and broadcast J&J's Program on La Conquistadora's premises.  Furthermore, if employees of La Conquistadora took actions to unlawfully intercept and broadcast J&J's Program on La Conquistadora's  premises, then those actions were/are directly imputable to La Conquistadora and Diaz by virtue of their acquiescence, knowledge and

acknowledgment that the unlawful interception and broadcast of J&J's <u>Program</u> on La Conquistadora's  premises did occur.

18.

J&J is informed, believes and alleges that on March 8, 2014 (the night of the Program, which is described below in paragraph 21), La Conquistadora and Diaz individually had and possessed an obvious and direct financial interest and commercial advantage and private financial gain in the activities of La Conquistadora, which included the unlawful interception of J&J's <u>Program</u>.

19.

J&J is informed, believes and alleges that the unlawful and willful interception and broadcast of J&J's <u>Program</u> by La Conquistadora resulted in a commercial advantage and private financial gain for all of the defendants due to the increased profits for La Conquistadora and/or the opportunity for increased profits for La Conquistadora as a result of the enticement to potential customers to come to La Conquistadora to watch the plaintiff's Program and spend money on La Conquistadora"s commercial establishment.

<u>**COUNT I**</u>

**(Violation of Title 47 U.S.C. Section 605 (a), (e) (3) (a) and (e) (4) and 18 U.S.C. section 2511 in conjunction with section 2520)**

20.

J&J incorporates by reference all of the allegations contained in paragraphs 1 through and including 19, as though reproduced here in full.

Page 8 of  15

21.

Pursuant to a valid and enforceable contract, J&J was granted the exclusive nationwide commercial distribution and broadcast (closed-circuit) rights to Saul Alvarez v. Alfredo Angulo Light Middleweight Championship Fight Program, telecast nationwide on Saturday, March 8, 2014 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the Program).

22.

Pursuant to the same valid and enforceable contract, J&J, entered into subsequent sub-licensing agreements with various commercial entities throughout North America, including entities within the State of Louisiana, by which it granted these entities limited sub-licensing rights, specifically the rights to publicly exhibit the Program within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs and other similar businesses).  **None** of the defendants were granted sub-licensing rights and/or any other right concerning the Program.

23.

As a commercial distributor and licensor of sporting events, including the Program, J&J expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the commercial entities described above.

24.

With full knowledge that the Program was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every one of the defendants named above, either through direct action or through actions of

employees or agents directly imputable to the defendants (as outlined in paragraphs 1 through and including 24 above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the Program at the time of its transmission at the defendant, La Conquistadora's, commercial establishment located at 971/973 Highway 182 East, Houma, Terrebonne Parish, Louisiana 70364.

25.

The unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the defendants was done wilfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.  J&J stands ready to present eye-witness testimony and other evidence supporting all allegations made in this complaint.

26.

Title 47 U.S.C. Section 605, et seq. and Title 18 U.S.C. sections 2511 and 2520 prohibit the unauthorized publication or use of communications (such as the transmission of the Program for which J&J had the exclusive distribution rights).

27.

By reason of the actions, omissions and conduct of all of the defendants described above, each of the defendants violated Title 47 U.S.C. Section 605, et seq. and Title 18 U.S.C. sections 2511 and 2520.

28.

By reason of the actions, omissions and conduct of all of the defendants described above, which resulted in the violation of Title 47 U.S.C. Section 605, et seq, and Title 18 U.S.C. sections 2511 and 2520, J&J has the private right of action pursuant to Title 47 U.S.C. Section

605 and Title 18 U.S.C. sections 2511 and 2520.

29.

By reason of the actions, omissions and conduct of all of the defendants described above, which resulted in the violation of Title 47 U.S.C. Section 605, et seq, and 18 U.S.C. sections 2511 and 2520, J&J is entitled to the following from each defendant:

(a)   Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605 (e)(3)(C)(ii), and also

(b)   Recovery of full costs, including reasonable attorney's fees pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

**COUNT II**

**(Violation of Title 47 U.S.C. Section 553)**

30.

J&J incorporates by reference all of the allegations contained in paragraphs 1 through and including 29 as though reproduced here in full.

31.

The unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the Program by the above named defendants was prohibited by Title 47 U.S.C. section 553, et seq.

32.

By reason of the actions, omissions and conduct of all of the defendants described above, each of the defendants violated Title 47 U.S.C. Section 553, et seq.

Page 11 of  15

33.

By reason of the actions, omissions and conduct of all of the defendants described above, which resulted in the violation of Title 47 U.S.C. Section 553, <u>et seq</u>, J&J has the private right of action pursuant to Title 47 U.S.C. Section 553.

34.

By reason of the actions, omissions and conduct of all of the defendants described above, which resulted in the violation of Title 47 U.S.C. Section 553, <u>et seq</u>, J&J is entitled to the following from each defendant:

    (a)    Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. 553 (c)(3)(A)(ii), and also

    (b)    Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. 553 (c)(3)(B), and also

    (c)    Recovery of full costs, including reasonable attorney's fees pursuant to Title 47 U.S.C. Section 553(c)(2), and also

    (d)    in the discretion of this Honorable Court, reasonable attorney's fees, pursuant to Title 47 U.S.C. section 553 (c) (2) (c).

35.

Despite the existence of two separate and distinct federal laws (Title 47 U.S.C. Section 605, et seq. and Title 18 U.S.C. sections 2511 and 2520 AND Title 47 U.S.C. Section 553, <u>et seq)</u>, which were enacted at different times, some federal courts have held that a successful plaintiff may only receive damages under one of those laws but not both.  J&J asserts its claims under both sets of federal laws, but if the Court should find that the violations stated above

occurred under one or the other statutes cited or that J&J may only recover one set of damages, then to that extent, J&J's claims should be considered as alternative claims.  J&J does not seek double damages.

**Count III**

(Pendent Louisiana state law claim)

36.

By reason of the identical facts stated above, all of which are re-iterated here in full as though reproduced here, all of the defendants committed a delict (tort) under Louisiana's law of torts,  La. Civil Code article 2315 and all juriisprudence decided thereunder, concerning "conversion".    For the same reasons stated above, J&J possesses a claim for all damages that are reasonable in the premises under Louisiana law.

THEREFORE, J&J Promotions, Inc. prays that each defendant, La Conquistadora Restaurant, LLC d/b/a and a/k/a Taqueria Sanchez La Conquistadora and Carmela Diaz be served with a summons and copy of this complaint and required to answer it within the legal delays provided by the Federal Rules of Civil Procedure.

FURTHERMORE, J&J Promotions, Inc. prays for judgment in its favor and against each defendant, La Conquistadora Restaurant, LLC d/b/a and a/k/a Taqueria Sanchez La Conquistadora and Carmela Diaz, in solido, for the following sums of money, subject to the jurisprudential rule that double damages are not permitted::

**As to Count I (Violation of Title 47 U.S.C. Section 605 and Title 18 U.S.C. sections 2511 and 2520)**

At J&J's election in accordance with 47 U.S.C. section 605 (e) (3) (B) and (C) (ii),

(a)     statutory damages in the amount of $110,000.00 against the defendants, and each of them; and,

(b)     reasonable attorney's fees as mandated by statute; and,

(c)     all costs of suit, including but not limited to filing fees, service of process fees, investigative costs; and,

(d)     such other and further relief as this Honorable Court may deem just and proper.

**As to Count II (Violation of Title 47 U.S.C. Section 553 (a) (1), (c)(1), (2), (B), (C), 3 (A), (B)**

(a)     statutory damages in the amount of $60,000.00 against the defendants, and each of them; and,

(b)     reasonable attorney's fees as may be awarded in the Court's discretion pursuant to statute; and,

(c)     all costs of suit, including but not limited to filing fees, service of process fees, investigative costs; and,

(d)     such other and further relief as this Honorable Court may deem just and proper.

**As to Count III (Louisiana's law of delicts (torts) especially conversion),**

for all damages that are reasonable in the premises.

> The Berthelot Law Firm, LLC
> 1660 Thibodeaux Avenue
> Baton Rouge, Louisiana 70802
> (225) 454-0488—cell phone
> 1-484-842-8566–facsimile
> ronniejberthelot@gmail.com
> By:/s/Ronnie J. Berthelot
> Ronnie J. Berthelot
> LSBA bar roll no. 1012
> Trial Attorney

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


J&J SPORTS PRODUCTIONS, INC.       \*     CASE NO.

                                      \*

VERSUS                           \*

                                      \*     JUDGE:

LA CONQUISTADORA RESTAURANT, LLC  \*

D/B/A AND A/K/A TAQUERIA SANCHEZ  \*

LA CONQUISTADORA AND CARMELA   \*

DIAZ                                \*

                                      \*     MAGISTRATE JUDGE:

                                      \*

                                      \*

Certificate of Service

I certify that I mailed the foregoing "Complaint and Civil Cover Sheet" to the following

defendants:

La Conquistadora Restaurant, LLC d/b/a and a/k/a Taqueria Sanchez La Conquistadora
2637 Augusta Street
Suite C
Kenner, Louisiana 70062

and

971/973 Highway 182 East
Houma, Louisiana 70346

Carmela Diaz
2637 Augusta Street
Suite C
Kenner, Louisiana. 70062

by placing a copy of the "Complaint and Civil Cover Sheet" in the United States Mail properly

addressed and postage pre-paid on June 22, 2015.

                             s/Ronnie J. Berthelot
                             Ronnie J. Berthelot